■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAXIMILIANO MARTINEZ, JR., Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 16, 1972, convicting him of burglary in the second degree, petit larceny and possession of weapons and dangerous instruments and appliances as a misdemeanor, upon a jury verdict, and sentencing him to probation on each count. Judgment modified by reversing the conviction and sentence for petit larceny, on the law and the facts, and dismissing the count therefor, on the law. As so modified, judgment affirmed. In our opinion the evidence was insufficient to support the petit larceny conviction (*People* v. *Stephens*, 254 App. Div. 579). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS ALLEN MURRAY, Appellant.— Appeal by defendant, as limited by his brief, from a resentence of the County Court, Rockland County, imposed November 30, 1971, upon a conviction for criminal trespass in the second degree, on a plea of guilty, the resentence being a term of six months in the Rockland County Jail. Resentence reversed, as a matter of discretion in the interest of justice, and the original sentence is reinstated, i.e., a term of three years' probation and a $250 fine. The fine is to be paid within 10 days after entry of the order to be made hereon. Under all the circumstances herein, we are of the opinion that the imposition of a jail sentence (six months) was excessive and that the court below should not have changed the original sentence. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD RITCHIE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, rendered March 15, 1972, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing a fine of $150. Judgment reversed, on the law and the facts, and indictment dismissed, on the law. Assuming the validity of the search and seizure of the machinery alleged to have been stolen, to which defendant claimed title, the evidence adduced was insufficient as a matter of law to establish defendant's guilt beyond a reasonable doubt of criminal possession of stolen property or of any related crime. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.